

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5612
Re: Whether Article 7144a, Section
16a and b, Vernon's Revised Civil
Statutes, supersedes Articles
541d and 541e with respect to
the liability of banks for allow-
ing the survivor of joint depositors
to check on the account or to have
access to the safety deposit box
of said depositors' trust fund.

We have your letter of September 11, 1943, with
enclosure, in which the inquiry above set forth is made.

The pertinent provisions of the Acts of 1929,
41st Legislature, Regular Session, p. 264, ch. 117, Sections
1 and 1a, Articles 541d and 541e) are as follows:

"Section 1. When a deposit shall be made in any
bank. . . by any person in the name of such depositor or
in the name of such depositor and another person and with
notice to the bank that such deposit shall be paid to
either or the survivor of them, such deposit and any
additions thereto. . . may be paid to . . . the survivor
after the death of one of them, and such payment shall
be a . . . release to such bank. . . for all payments
made. . . prior to the receipt by such bank. . . of
notice in writing not to pay. . .

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Section la. That when any safety deposit box has been . . . rented by any bank. . . in the name of two or more persons, with the right of access given to either, or to the survivor, . . . either of such persons, whether the other be living or not, shall have the right of access. . . and may remove therefrom the contents thereof, and in all such cases. . . the said bank. . . shall be exempt from all liability whatsoever to any person whomsoever for permitting such access. . . or removal. . ."

Section 16 of Article 7144a, Vernon's Annotated Civil Statutes, was enacted by the legislature in 1933. The pertinent portions of that act are as follows:

"No. . . bank. . . having in possession . . . deposits or other assets. . . belonging to such a decedent and one or more persons, shall deliver the same to the . . . survivor or survivors when held in the joint names of a decedent and one or more other persons, or upon their order or request, unless notice . . . be served upon the Comptroller and delivery to be made only in the presence of the Comptroller or . . . agent, . . . unless the Comptroller. . . consents . . . Failure to serve such notice or . . . allow such examination shall render such . . . bank. . . liable to the payment of the amount of the tax or interest due or thereafter to become due upon said deposits . . . and . . . a penalty of not less than $1000. or more than $5000.; and the payment of such . . . may be enforced in any court of competent jurisdiction."

The 1929 law was expressly repealed by the Texas Banking Code of 1943, passed by the 48th Legislature at its Regular Session, being H. B. No. 79, Chapter 97, page 127. Chapter 9, Article 11 of the aforementioned code provides as follows:

"The following statutes, together with all other laws or parts of laws in conflict herewith, are hereby repealed; . . . Acts of 1929, 41st Legislature of Texas, p. 264, ch. 117, Sections 1 and 1a (Articles 541d and 541e). . . ."

Hon. Geo. H. Sheppard, page 3

    This Act became effective ninety days after adjournment of the Legislature. The date of adjournment was May 11, 1943. Any doubts existing, therefore as to whether said Articles 541d and 541e are still in effect have been dispelled by the express repeal of these articles by the 48th Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

SEP 20 1943

ASSISTANT
ATTORNEY GENERAL

By        J. Arthur Sandlin
          J. Arthur Sandlin
             Assistant

JAS:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN